IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| LAVERNE LAVARIAS, | ) | CV. NO. 06-00481 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HUI OʻKAKOA SECURITY; | ) | |
| GEORGE WILLIAMS, Owner, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING  DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

        The Court heard Defendants' Motion on November 27, 2006.  Andre

Wooten, Esq., appeared at the hearing on behalf of Plaintiff; Brad Miller, Esq.,

appeared at the hearing on behalf of Defendants.  After reviewing the motion and

the supporting and opposing memoranda, the Court GRANTS Defendants' Motion

for Judgment on the Pleadings.[1]  Although Defendants did not title their motion as

_____

        [1] In their reply brief, Defendants note that their motion should have been
entitled a motion to dismiss, rather than a motion for judgment on the pleadings
since they have not yet filed an answer.  Because the standard of review for a
motion to dismiss and a motion for judgment on the pleadings are substantially
similar and because Defendants titled their motion as one for judgment on the
pleadings, this Court will treat this motion as one for judgment on the pleadings.
See Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

one for partial judgment on the pleadings, Defendants have only sought to dismiss all counts as to Defendant George Williams, and Count II as to Defendant Hui O Ka Koa, LLC ("HOKK") (collectively "Defendants").  Defendants have not sought dismissal of Counts I, III, IV and V against HOKK.

<u>BACKGROUND</u>

On September 6, 2006, Plaintiff filed a Complaint against Defendants. Plaintiff alleges that she was employed as a security guard by HOKK and that Mr. Williams works at HOKK.  Plaintiff alleges the following causes of action against both Defendants:

Count I -- violation of Title VII for discrimination and retaliation;

Count II -- violation of Title IX;

Count III -- violation of State of Hawaii Fair Employment Act;

Count IV -- violation of Title VII for sexual harassment; and

Count V -- punitive damages.

On September 28, 2006, Defendants brought a motion for judgment on the pleadings requesting that the all counts against Mr. Williams be dismissed and Count II against HOKK be dismissed.  Plaintiff filed her opposition on November 9, 2006, and Defendant filed a reply brief on November 16, 2006.

## STANDARD OF REVIEW

Rule 12(c)) of the Federal Rules of Civil Procedure provides in part as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. . . .

"For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party establishes that there is no material issue of fact and it is entitled to judgment as a matter of law.   Torbet v. United Airlines, Inc., 298 F.3d 1087, 1089 (9th Cir. 2002).  The dismissal on the pleadings is proper only if the moving party is clearly entitled to prevail. Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).  The court's review is limited to the pleadings. Hal Roach Studios, Inc., 896 F.2d at 1550.

DISCUSSION

A.   Count II of the Complaint

Count II of the Complaint is entitled violation of Title IX and states that Defendants "discriminated against the plaintiff based on her female sex.  Male security guards did not receive the same adverse treatment that the Plaintiff received."  (Compl. ¶ 20.)  This Court presumes that in citing Title IX, Plaintiff is attempting to bring a cause of action under Title IX of the Education Amendments of 1972, which prohibits discrimination on account of sex in any education program or activity that receives federal financial assistance.  See 20 U.S.C. §§ 1681-1688.

Defendants argue that this count should be dismissed because Plaintiff failed to allege facts in the Complaint to support a claim under Title IX.  This Court agrees.  Indeed, nowhere in the Complaint does Plaintiff allege that Defendants are an "education program or activity," such that Title IX would be applicable.  Furthermore, Plaintiff did not address Defendants' argument in her opposition.

Accordingly, Defendants' motion as to Count II of the Complaint is GRANTED, and Count II of Plaintiff's Complaint is hereby DISMISSED.

B.     Counts I and IV against Defendant Williams

        Plaintiff argues that Counts I and IV against Defendant Williams for alleged violations of Title VII should be dismissed because Mr. Williams cannot be held personally liable for Title VII violations.

        The Ninth Circuit has held that individual employees, including supervisors, are not liable for damages under Title VII.  Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993) ("individual defendants cannot be held liable for damages under Title VII"); see Sherez v. State of Hawai'i Dept. of Educ., 396 F. Supp. 2d 1138, 1145 (D. Haw. 2005) (dismissing Title VII count against defendant Gronna in her individual capacity since employees are not employers under Title VII).  In her opposition, Plaintiff admitted that only HOKK can be held liable under Title VII.

        Therefore, Defendants' motion as to Counts I and IV against Defendant Williams are GRANTED.  Counts I and IV as against Defendant Williams are DISMISSED.

C.     Count III against Defendant Williams

        Defendants argue that Count III for violations of Hawai`i Revised Statute sections 368 and 378 against Defendant Williams should be dismissed.

5

The Hawaii Supreme Court has not addressed the issue of whether there is individual liability under the Hawaii Fair Employment Act.  Unfortunately, there is a split among the judges in this district as to whether the Hawaii Revised Statute section 378-2(2) imposes individual liability.[2]

As stated by this judge in White v. Pac. Media Group, 322 F. Supp. 2d 1101, 1114 (D. Haw. 2004) and in agreement with Judge Mollway, this Court finds that Hawaii Revised Statute section 378-2(2) does not impose liability upon individual defendants.[3]

---

[2] See Maizner v. Hawaii, Dept. of Educ., 405 F. Supp. 2d 1225, 1235 (D. Haw. 2005) (Judge Mollway found that "section 378-2(2) does not permit claims against individual employees");  White v. Pac. Media Group, 322 F. Supp. 2d 1101, 1114 (D. Haw. 2004) (this judge concurred with Judge Mollway in the Luzon v. Atlas case, finding that Haw. Rev. Stat. Chapter 378 does not impose individual liability (other than in section 378-2(3), which has a provision for aiding and abetting)); Luzon v. Atlas Ins. Agency, 284 F. Supp. 2d 1261, 1265 (D. Haw. 2003) (Judge Mollway found no individual liability under Haw. Rev. Stat. Section 378-2(2)); but see Sherez, 396 F. Supp. 2d at 1145 (Judge Seabright found that Hawaii Revised Statute section 378-2(2) imposed liability on individuals); Black v. City & County of Honolulu, 112 F. Supp. 2d 1041, 1056-57 (D. Haw. 2000) (Judge King imposed individual liability).

[3] This Court finds that Schefke v. Reliable Collection Agency, Ltd., 32 P.2d 52 (2001) is not decisive of this issue.  As noted by Judge Mollway, the Schefke decision did not precisely address the issue of whether employees can be liable for employment discrimination to the same extent as employers.  See Luzon, 284 F. Supp. 2d at 1266 n.1; Maizner, 405 F. Supp. 2d at 1234.  Furthermore, the defendants in that case were owners of a closely held corporation.  Here, there is no evidence that Defendant Williams owns HOKK.

To the extent Plaintiff is bringing a claim for violation of Hawaii Revised Statute section 378-2(3), it fails as a matter of law.  Section 378-2(3) allows claims against individuals who are not employers if the individuals "aid, incite, compel, or coerce" discrimination.  Haw. Rev. Stat. § 378-2(3).  Here, however, Plaintiff has not alleged any facts describing what acts, if any, Mr. Williams personally took to incite, aid, abet, compel or coerce discrimination.  In addition, Plaintiff has not alleged who Defendant Williams aided, coerced or incited.  See Maizner., 405 F. Supp. 2d at 1239 (dismissing plaintiff's claim under 378-2(3) since he failed to identify a person whom the defendant incited, compelled or coerced).

Accordingly, Defendants' motion is GRANTED and Count III, as to Defendant Williams, is DISMISSED.


CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.  As Defendants did not seek judgment on the

7

pleadings for all of Plaintiff's causes of action, the Title VII and Hawaii Revised

Statute claims against Defendant HOKK remain.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, November 28, 2006.



_____
David Alan Ezra
United States District Judge

Lavarias v. Hui O'Kakoa Security et al., CV No. 06-00481 DAE-LEK; ORDER
GRANTING  DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS