IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LAVERNE LAVARIAS, ) | CIVIL NO. 06-00481 DAE-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HUI O'KAKOA SECURITY, ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME**

        Before the Court is Defendant Hui O Ka Koa, LLC's ("HOKK") Motion for Extension of Time, filed May 7, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the supporting memorandum, Defendant's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

        On September 6, 2006, Plaintiff filed her Complaint against HOKK and George Williams ("Williams") (collectively "Defendants").  Plaintiff is a former employee of HOKK.  The Complaint alleges violations of 1) Title VII for discrimination, sexual harassment and retaliation; 2) Title IX; and 3) State of Hawaii Fair Employment Act.  Plaintiff additionally seeks punitive damages.  On September 28, 2006, Defendants brought a

Motion for Judgment on the Pleadings, seeking to dismiss all of Plaintiff's claims against Williams and the Title IX claims against HOKK.  The district court granted Defendants' Motion.  As such, the only remaining claims are the alleged Title VII and Hawai`i Fair Employment Act violations against HOKK.

On May 7, 2007, HOKK filed the instant Motion for Extension of Time ("Motion").  HOKK seeks 1) an extension of the dispositive motions deadline (currently May 16, 2007) and 2) a continuation of the settlement conference (currently scheduled for May 22, 2007) set forth in the Rule 16 Scheduling Order. [Mot. at ¶¶ 10-13; Ex. A to Mot. at ¶¶ 7, 13.]  HOKK cites the challenges it has encountered in conducting discovery as the basis of its Motion.  First, HOKK asserts that although it served Interrogatories and Requests for Production of Documents on March 16, 2007, it has yet to receive a response.  [Id. at ¶ 3.] Second, Plaintiff's deposition was scheduled for May 1, 2007, but had to be cancelled because she failed to provide discovery responses or confirm arrangements for the deposition.  [Id. at ¶ 7.]  Third, HOKK's counsel has faced challenges in communicating with Plaintiff's counsel and has sent numerous letters regarding the discovery matters at issue without success.  [Id. at ¶¶ 8-9; Exs. B-E to Mot.]

HOKK emphasizes that an extension of the dispositive motions deadline would allow for more meaningful motions practice and a continuation of the settlement conference would allow for a more meaningful exchange. [Mot. at ¶¶ 11, 13.] HOKK represents that Plaintiff's counsel expressed general amenability to an extension or continuance during a May 2, 2007 phone conversation. [Id. at ¶ 14.] Furthermore, HOKK certifies the foregoing conversation as its good faith effort to limit the disputed issues and, if possible, eliminate the need for the motion pursuant to Local Rule LR37.1(a). HOKK has not previously sought any extensions of deadlines.

As of date, Plaintiff has not filed an Opposition.

## **DISCUSSION**

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the motion should be denied. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional

reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

In the instant case, the Court finds that HOKK has established good cause to amend the Rule 16 Scheduling Order.  It is clear, based on counsel's representations, that HOKK has been diligent in conducting discovery and complying with the deadlines.  Indeed, the evidence before the Court suggests that despite HOKK's diligence, Plaintiff's lack of cooperation has rendered HOKK unable to obtain the information needed to comply with the dispositive motions deadline or to participate in the scheduled settlement conference.  For these reasons, the Court grants HOKK's Motion.

## **CONCLUSION**

Based on the foregoing, the Court HEREBY GRANTS Defendant HOKK's Motion for Extension of Time.  The Court will issue an amended Rule 16 Scheduling Order with a new trial date.  All unexpired deadlines at the time HOKK filed its Motion shall be continued for 90 days.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 17, 2007.



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**LAVERNE LAVARIAS V. HUI O'KAKOA, ET AL.; CIVIL NO. 06-00481 DAE-LEK; ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME**